Joe McGavick, Chairman Mike Murphy, Member Jack Rabourn, Member Washington State Liquor Control Board P.O. Box 43075 Olympia, WA 98504-3075
Dear Chairman McGavick and Messrs. Murphy and Rabourn:
By letter previously acknowledged, you have asked for an opinion regarding the authority of the Washington State Liquor Control Board (Board) to appoint vendors to sell spirituous liquor. I have paraphrased your questions as follows.
1. Does RCW 66.08.050(2) authorize the Board to appoint a winery or brewery as a liquor vendor to sell only spirituous liquor that the winery or brewery produces?
2. If the answer to Question 1 is yes, may the Board continue such vendor appointments after a state liquor store is established within the city, town, or community where the vendor is located?
 SHORT ANSWER
For the reasons explained below, we conclude that RCW 66.08.050(2) does not authorize the Board to appoint a winery or brewery to be a liquor vendor for the purpose of selling only products that the winery or brewery produces. In that your second question is predicated on an affirmative answer to your first question, an answer that we do not give, we do not reach your second question.
 ANALYSIS QUESTION 1
Does RCW 66.08.050(2) authorize the Board to appoint a winery or brewery as a liquor vendor to sell only spirituous liquor that the winery or brewery produces?
We begin our analysis of your first inquiry with some general background. In Washington, the state controls the retail sale of spirituous liquor. In part, it does so by authorizing the Board to establish state liquor stores. Under RCW 66.08.050, the Board is to ndetermine the localities within which state liquor stores are to be established throughout the state, and the number and situation of the stores in each locality. The management and supervision of such stores is vested in the Board. RCW 66.08.020.
In addition to establishing state liquor stores, the Board also has authority to appoint liquor vendors under limited circumstances. The Board's authority in this respect is provided by RCW 66.08.050(2), as follows:
 The board, subject to the provisions of this title and the regulations, shall
. . .
 (2) appoint in cities and towns and other communities, in which no state liquor store is located, liquor vendors. Such liquor vendors shall be agents of the board and be authorized to sell liquor to such persons, firms or corporations as provided for the sale of liquor from a state liquor store, and such vendors shall be subject to such additional rules and regulations consistent with this title as the board may require[.]
In determining the Board's authority under this provision, we are guided by rules of statutory construction. Two such rules are of particular relevance to your inquiries. First, the goal of statutory construction is to give effect to the intent of the Legislature. State v. Pacheco, 125 Wn.2d 150, 154, 882 P.2d 183
(1994). In arriving at that intent, one looks to the language used by the Legislature in the context of the statute as a whole. State v. Talley, 122 Wn.2d 192, 213, 858 P.2d 217 (1993).
Here, the language used by the Legislature gives the Board authority to appoint vendors only "in cities and towns and other communities, in which no state liquor store is located". RCW66.08.050(2). This restriction certainly suggests that the Legislature intended to allow the Board to establish retail outlets for spirituous liquor in those areas that otherwise would not have reasonable access to a state liquor store.
RCW 66.08.050(2) also provides that such vendors shall be authorized "to sell liquor to persons, firms or corporations as provided for the sale of liquor from a state liquor store". This language further suggests that the Legislature had in mind vendors who could provide service to persons and entities much the same as would be provided by a state liquor store.
We also believe that the existence of specific, detailed licensing statutes relating to wineries and breweriesãstatutes that currently do not authorize such entities to sell spirituous liquor at retail under a winery or brewery licenseãalso support our conclusion. See generally chapter 66.24 RCW.
Thus, based on its language and its context, we conclude that in enacting RCW 66.08.050(2), the Legislature intended to authorize the Board to appoint a liquor vendor only in an area having no state liquor store, to serve the function that a state liquor store otherwise would serve.
As we understand your first question, appointing wineries or breweries as vendors would not be for the purpose of providing reasonable access to the functional equivalent of a state liquor store. Instead, it presumably would be to allow the winery or brewery to market a single or very limited line of spirituous liquor(s) that the winery or brewery produces. In our opinion, RCW66.08.050(2) does not authorize appointment of wineries or breweries as liquor vendors under such circumstances.
Your second question is predicated on an affirmative answer to your first questionãan answer that we do not give. Consequently, we do not reach your second inquiry.
We trust that this opinion will be of assistance to you.
Sincerely,
MAUREEN HART Senior Assistant Attorney General